UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYLER CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02823-SEB-TAB |
| | ) | |
| MARTIN, | ) | |
| WALTERS, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying the Defendants' Unopposed Motion for Summary Judgment**

Indiana prisoner Tyler Crawford is suing Sergeant Martin and Officer Walters for failing to protect him from an assault by another inmate at New Castle Correctional Facility in violation of the Eighth Amendment. Sergeant Martin and Officer Walters have moved for summary judgment. In their summary judgment brief, the defendants provide citations to statements in Mr. Crawford's verified amended complaint describing the assault and the defendants' failure to take reasonable measures to prevent the assault or stop the assault after it began. Accordingly, their motion for summary judgment is **denied**.

**I. Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56©(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Mr. Crawford has failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); see S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. Factual Background

Mr. Crawford claims that Officer Walters and Sergeant Martin failed to protect him from an assault by Offender Koryeyon in violation of the Eighth Amendment at New Castle Correctional Facility. Dkt. 74-3 (Screening Order), 74-4 (Verified Amended Complaint).

On August 26, 2020, Mr. Crawford set fire to his cell in the New Castle Annex. Dkt. 74-4 at 14. All inmates in Mr. Crawford's pod were put in restraints, evacuated, and placed in recreation cages. Dkt. 74-1 at ¶ 8. Mr. Crawford asked Sergeant Martin not to place Offender Koryeyon by him because they did not get along and he feared him. Dkt. 74-4 at 14. Sergeant Martin ignored this request and placed Offender Koryeyon in the cage next to Mr. Crawford's, even though other empty cages were available. *Id.* Offender Koryeyon then defecated on the floor of his cage, picked it up with his hands, and began throwing his feces at Mr. Crawford. *Id.* Next, Offender Koryeyon urinated in his cupped hands and flung the urine at Mr. Crawford. *Id.* Offender Koryeyon then spit on Mr. Crawford for forty-five minutes while Officer Walters "stood witness" to the assault, laughing and ignoring Mr. Crawford's requests to intervene. *Id.* at 14-15.

Mr. Crawford was later taken to the medical unit. Dkt. 74-7 at 31. His medical report from that visit does not identify any injuries. *Id.*

## III. Discussion

### A. Deliberate Indifference Standard for Failure to Protect Claims

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates and to protect them from harm at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 832–33 (1994). To prevail on a failure to protect claim, the plaintiff must prove (1) that he was at a substantial risk of serious harm that ultimately occurred, and (2) that the defendant was

subjectively aware that he was at a substantial risk of harm and failed to make reasonable efforts to protect the plaintiff from this substantial risk. *Id.* at 832-34.

To satisfy the first prong of a failure to protect claim, the plaintiff must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm," and that he ultimately experienced that harm. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). "[T]he deprivation alleged must be objectively, sufficiently serious," amounting to a "denial of the minimal civilized measure of life's necessities." *Id.* The question is whether prison officials exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health." *Id.* (emphasis removed). A beating suffered at the hands of a fellow inmate constitutes serious harm, as "[b]eing violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 910-11 (internal quotations removed).

To satisfy the second prong of a failure to protect claim, the plaintiff must demonstrate that the defendant had actual knowledge of the substantial harm and acted with deliberate indifference to that harm. *Id.* at 913. Deliberate indifference is a mental state that lies between negligence and purpose. *Farmer*, 511 U.S. at 836. "The point between these two poles lies where 'the official knows of and disregards an excessive risk to inmate health or safety" or where "the official [is] both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he ... draw[s] the inference.'" *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) (quoting *Id.* at 837). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Gidarisingh v. Pollard*, 571 F. App'x 467, 470 (7th Cir. 2014) (quoting *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996)).

"Once prison officials know about a serious risk of harm, they have an obligation to take reasonable measures to abate it." *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). "Prison officials do not violate the Eighth Amendment because the mode of protection they offer does not sit well with a prisoner. Rather, if they offer reasonable protection, they have done their duty." *Id.* at 570 (holding that prison officials cannot be blamed for an assault that occurred because the plaintiff refused their offer of protective custody). However, "[i]f prison officials are aware of a serious threat 'and do nothing, that is deliberate indifference.'" *Gidarisingh*, 571 F. App'x at 471 (quoting *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995).

While courts are aware of security issues in American prisons, they are not experts in this field, and they sensibly defer to the expertise of prison officials to administer general safety and security policies within their facilities. *See Totson v. Thumer*, 689 F.3d 828, 830 (7th Cir. 2012). Further, there is a "baseline" level of danger in any correctional facility, and there is little prison officials can do to ensure complete safety of all inmates at all times. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008).

### B. Analysis

The defendants make the following argument in support of summary judgment:

> [T]here exists absolutely no evidence that the Defendants were subjectively aware that the plaintiff was at a risk of harm and that they failed to make reasonable efforts to protect the plaintiff [from] this substantial risk, and further that the alleged assault by Offender Koryeyon never occurred.

Dkt. 73 at 2.

### 1. Evidence of Assault

There is evidence in the record that Mr. Crawford was assaulted by Offender Koryeyon. In their Brief in Support of Summary Judgment, the defendants cite Mr. Crawford's statements in his verified amended complaint that he was assaulted by Offender Koryeyon for approximately

forty-five minutes in a recreation cage after he and the other inmates were evacuated from their pod. *See* dkt. 73 at 2 (citing dkt. 74-4 at 5); *see also* dkt. 74-4 at 29 (verification statement).

The Seventh Circuit has held that sworn statements in a verified complaint may create a genuine issue of material fact precluding summary judgment. *E.g.*, *Beal v. Beller*, 847 F.3d 897, (7th Cir. 2017) ("a verified complaint is not just a pleading; it is also the equivalent of an affidavit for purposes of summary judgment, because it contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.") (internal quotations removed).

The defendants argue that Mr. Crawford's description of the assault is "wholly discredited by the evidence" because there is evidence that, at the time of the alleged assault, Offender Koryeyon's hands were in restraints Dkt. 73 at 5; *see also* dkt. 74-1 at ¶ 8 (Walters Affidavit) ("We evacuated the offenders out of the pod, restrained their hands in mechanical devises (handcuffs and/or zip ties) and secured them in the recreation cages")); dkt. 74-1 at ¶ 7 (Martin Affidavit); dkt. 74-7 at 11, 12, 13, 17, 19, 20, and 35 (staff incident reports).

The Court is not persuaded by the defendants' argument that it would have been "impossible" for Offender Koryeyon to spit on Mr. Crawford and throw urine and feces at him while his hands were in restraints. First, the defendants' statements and statements in incident reports written by correctional officers are not irrefutable; this evidence may well be credited by the jury, but a jury might instead credit Mr. Crawford's testimony that he was assaulted. Second, it is not necessarily "impossible" for an inmate to assault another inmate with body waste while in hand restraints. There are a variety of ways an inmate may be restrained (e.g., front restraints, back restraints, black box restraints), and the type of restraint will affect the inmate's range of motion and ability to use his hands. Finally, according to the Report of Use of Physical Force,

6

Mr. Crawford's mechanical restraints were removed after six minutes. Dkt. 74-7 at 26, 27. Another inmate, Paul Moore, was placed in mechanical restraints for eight minutes. *Id.* at 28, 29. There is no Report of Use of Physical Force in the record for Offender Koryeyon, but the brief period of time in which Mr. Crawford and Offender Moore were in restraints suggests that, contrary to the defendants' arguments, the inmates' restraints might have been removed shortly after they were transported from their cells to the recreation cages.

The defendants also argue that Mr. Crawford did not suffer a serious physical harm because, "even if his discredited version of events were believed," the medical record for his examination shortly after the assault did not identify any physical injuries. Dkt. 73 at 6 (citing dkt. 74-7 at 31). Again, the Court is unpersuaded. First, the one-page medical report is just one piece of evidence that a jury may or may not credit. Second, even if the assault by bodily waste did not cause physical injuries such as lacerations or bruising, a jury could reasonably find that being pelted with feces, urine, and spit amounts to a serious bodily harm. *Cf. Harris v. Molinero*, 803 F. App'x 1, 4 (7th Cir. 2020) (holding that fact issues precluded summary judgment on inmate's claim that correctional officer failed to protect him from another inmate who threw feces in his face); *cf. Taylor v. Riojas*, 141 S. Ct. 52 (2020) (reversing finding of qualified immunity for correctional officers who placed inmate in a cell that was covered in feces).

Although there is conflicting evidence in the record about whether an assault in fact occurred, those conflicts will need to be resolved by a jury, as the Court must take the evidence in the light most favorable to Mr. Crawford as the non-moving party. *Khungar*, 985 F.3d at 572-73. In the next section of this Order, the Court will consider whether there is evidence that Sergeant Martin and Officer Walters had actual knowledge that Mr. Crawford was at a substantial risk of assault and failed to take reasonable action to prevent the assault.

### 2. Evidence of Deliberate Indifference

#### i. Sergeant Martin

The evidence supports a reasonable conclusion that Sergeant Martin had actual subjective knowledge that Mr. Crawford was at a substantial risk of assault from Offender Koryeyon and failed to take reasonable action to prevent the assault. Mr. Crawford stated the following in his verified amended complaint:

> Sergeant Martin . . . brought an offender by the name of Samson Koryeyon [to my recreation cage]. I immediately asked the officers not to place me next to this offender because we did not get along and I feared him. They disregarded my request and ignored the other empty cages and placed Offender Koryeyon in the cage next to mine.

Dkt. 16 at 14. Because of the close quarters, Offender Koryeyon was able to assault Mr. Crawford with his bodily waste, and Mr. Crawford had no way to escape. At trial, the jury will need to determine, among other things, whether Mr. Crawford's statement of fear provided Sergeant Martin with actual knowledge of a substantial risk of assault and whether placing Offender Koryeyon in the recreation cage next to Mr. Crawford's was a reasonable response to the threat of harm or whether it reflected callous indifference to Mr. Crawford's well-being.

#### ii. Officer Walters

The evidence supports a reasonable finding that Officer Walters knew Mr. Crawford was at a substantial risk of assault and failed to take reasonable action to prevent the assault. Indeed, there is evidence that Officer Walters watched the assault for forty-five minutes and, rather than intervene, laughed at Mr. Crawford and ignored his calls for help. This is evidence of deliberate indifference. *See Grieveson*, 538 F.3d at 778 ("Officer Highbaugh allegedly watched the assault but did not intervene to protect Grieveson—exhibiting quintessential deliberate indifference."). Officer Walters' motion for summary judgment is **denied**.

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [72], is **denied**. The Court previously denied Mr. Crawford's motion for assistance recruiting counsel. *See* dkt. 25. Given the challenges inherent in late-stage litigation, the Court **reconsiders and grants** Mr. Crawford's request for counsel. The Court will attempt to recruit pro bono counsel on Mr. Crawford's behalf.

The Court **orders** the defendants to file an updated Notice Regarding Settlement Conference within **twenty-eight days** of the issuance of this Order.

**IT IS SO ORDERED**.

Date:     3/2/2023

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYLER CRAWFORD
201650
WESTVILLE – CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com